NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN M. GAGGERO, | No.   18-72663 |
| Petitioner-Appellant, | Tax Ct. No.  21378-03 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted March 3, 2020**
Pasadena, California

Before:  HURWITZ and FRIEDLAND, Circuit Judges, and KORMAN,*** District
Judge.

In 1997, Stephen Gaggero transferred an interest in his residence to a wholly

owned company in return for the installation of certain improvements.  The next

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\***     The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

month, he sold the home to a third party; within two years of that sale, Gaggero purchased a replacement residence. The Tax Court decided that Gaggero was not entitled to defer taxation of the gain from the sale of the home on his 1997 individual return under former I.R.C. § 1034(a)[1] because the "adjusted sales price" of the "old residence" exceeded the purchase price of the "new residence." We have jurisdiction of Gaggero's appeal under 26 U.S.C. § 7482 and affirm.

In the Tax Court, Gaggero argued there were two separate sales involving the old residence—one of a partial interest in the residence to the wholly owned corporation and the other of the remaining interest to the ultimate buyer—and that the adjusted sales price of the old residence should have reflected only the value of the remaining interest transferred to the ultimate buyer. Gaggero argues on appeal that the adjusted sales price should not include his proceeds from the first transaction for a different reason: the first transaction occurred more than two years before he purchased his new residence. *See* I.R.C. § 1034(a) (two-year requirement for deferral of gain). The Tax Court refused to address this argument because Gaggero first raised it in a Rule 155 computation statement concerning the amount of the deficiency. *See* Tax Ct. R. 155. "A computation under Rule 155 must be made solely from the evidence in the record and the opinion of the tax court; it cannot be

---

[1]    Former I.R.C. § 1034(a) applies here because the sale of Gaggero's old residence occurred before May 7, 1997. *See* Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 312(b), (d), 111 Stat. 788, 839, 841.

used to reopen the evidence or raise a new issue." *Erhard v. Comm'r*, 46 F.3d 1470, 1480 (9th Cir. 1995). The Tax Court did not abuse its discretion by rejecting Gaggero's attempt to raise a new issue through a Rule 155 statement and we therefore decline to address this new argument on appeal.

**AFFIRMED.**